UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x

FRANKLYN FRANCIS,

Judge Hellerstein

Docket No.

Plaintiff,

05 CV 8705

-against-

**COMPLAINT**

EFSTATHIO KAPERONIS, individually and doing
business as BRONX BARBEQUE, and BRONX
BARBEQUE,

Defendants.

-----------------------------------------------------------------------------x

## PRELIMINARY STATEMENT

This action seeks redress for serious transgressions of the federal Fair Labor Standards

Act (FLSA) and the New York Wages and Hours Law. In a fundamental breach of these statutory

obligations, defendants Efstathio Kaperonis and Bronx Barbeque ("defendants") paid plaintiff

Franklyn Francis ("plaintiff") substantially less than the minimum wage, failed to pay plaintiff

overtime compensation for work that occurred before plaintiff's termination, and failed to pay

plaintiff an additional hour of "spread of hours" pay at minimum wage for every day in which

plaintiff worked more than ten hours.

1

## JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction over plaintiff's claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, pursuant to 28 U.S.C. § 1331, because these claims arise under a statute of the United States.

2.    The court has supplemental jurisdiction over plaintiff's claims under the New York Minimum Wage Act, N.Y. Labor Law § 650 *et seq.*, pursuant to 28 U.S.C. § 1367 because these claims are so closely related to plaintiff's claims under the Fair Labor Standards Act that they form parts of the same case or controversy under Article III of the United States Constitution.

3.    Pursuant to § 16(b) of the Fair Labor Standards Act, 28 U.S.C. § 216(b), plaintiff has consented in writing to becoming a party to this lawsuit. Plaintiff's written consent to be part of this action is attached hereto and is incorporated by reference.

4.    Venue is vested in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

5.    Plaintiff Franklyn Francis  was employed by defendants at their restaurant that was located at 305 East Kingsbridge Road, Bronx, New York 10458 from on or about May 23, 2003 through February 17, 2005.  Plaintiff resides in the State of New York.

6.    Defendants Efstathio Kaperonis and Bronx Barbeque were employers of plaintiff. Defendants hired, supervised, controlled, and paid him.   Upon information and belief, Defendant Bronx Barbeque is a business owned and operated by Defendant Efstathio Kaperonis.

2

Defendants' primary place of business is 694 W. Sunrise Highway, Valley Stream, New York 11581-1006.

## FACTUAL ALLEGATIONS

7.   From May 23, 2003, through December 31, 2004, plaintiff worked at least 60 hours per week and received $300 per week in wages from defendants. During this period, plaintiff had an effective wage rate of $5.00 per hour, $.15 per hour less than the minimum wage of $5.15. Plaintiff also worked at least 20 hours per week of overtime for which he received no additional compensation.

8.   Beginning January 1, 2005, New York State increased the minimum wage to $6.00 per hour. Plaintiff worked at least 60 hours per week and received $300 per week in wages from defendants. During this period, plaintiff had an effective wage rate of $5.00 per hour, $1.00 per hour less than the minimum wage of $6.00. Plaintiff also worked at least 20 hours per week of overtime for which he received no additional compensation.

9.   Plaintiff's duties as a restaurant worker included washing dishes, cutting trees, maintaining and cleaning the restaurant, maintaining and cleaning the grounds outside the restaurant, trimming and cutting bushes and trees, disposing of sewage from the rest rooms, receiving and unpacking deliveries, restocking shelves and refrigerators, and frying foods in the deep fryer.

10.   Defendants' failure to pay plaintiff the minimum wage and overtime pay was willful and in bad faith. Defendants had no reasonable grounds for believing that their failure to pay the minimum wage and overtime pay was consistent with the Fair Labor Standards Act or the

3

New York State Minimum Wages Act.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF:
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

11.     Because he was employed as a restaurant worker, plaintiff was employed in an enterprise engaged in commerce within the meaning of the Fair Labor Standards Act ("FLSA").

12.     Section 6(a) of the FLSA, 29 U.S.C. § 206(a), provides that any employee employed in an enterprise engaged in commerce shall be paid wages at a rate not less than $5.15 per hour.

13.     Section 7(a) of the FLSA, 29 U.S.C. § 207(a), provides that no employer engaged in commerce shall employ an employee for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed.

14.     Section 16 of the FLSA, 29 U.S.C. § 216(b), provides that any employer who violates the provisions of 29 U.S.C. §§ 206 or 207 shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

15.     The United States Department of Labor calculates unpaid wages and overtime compensation for employees, like plaintiff, who are paid by the week, by dividing the number of hours worked for each week by the amount of pay for that week. If that figure is less than the minimum wage of $5.15, the employee is owed the difference for all hours up to 40 per week. If the employee worked more than 40 hours per week, the employee is also owed one and one-half

4

times the weekly wage (or times the minimum wage, if the weekly wage is less than the

minimum wage) for all hours above 40 per week. Additional liquidated damages are due in an

amount equal to the total unpaid minimum wages and unpaid overtime compensation.

## SECOND CLAIM FOR RELIEF:
## NEW YORK STATE MINIMUM WAGES AND OVERTIME

16. Plaintiff repeats and re-alleges paragraphs 1 through 15.

17. The New York State Minimum Wage Act provides that, effective March 31, 2000

through December 31, 2004, every employer shall pay to each of its employees for each hour

worked a wage of not less than $5.15 (or any greater amount as may be established by the FLSA)

and that beginning January 1, 2005, every employer shall pay to each of its employees for each

hour worked a wage of not less than $6.00 (or any greater amount as may be established by the

FLSA) . N.Y. Labor Law § 652(1).

18. Pursuant to regulations issued by the State Commissioner of Labor, an employer

shall pay an employee for overtime at a wage rate of one and one-half times the employee's

regular rate in the manner and methods provided in the FLSA. 12 N.Y.C.R.R. § 142-2.2.

19. Pursuant to N.Y. Labor Law § 663, an employer who willfully fails to pay wages

and overtime required by the Minimum Wage Act shall be liable, in addition to the amount of

any under-payments, for liquidated damages equal to twenty-five percent of the total of such

under-payments found to be due him.

## THIRD CLAIM FOR RELIEF:
## NEW YORK STATE SPREAD OF HOURS

20.     Plaintiff repeats and re-alleges paragraphs 1 through 19.

21.     Defendants failed to pay plaintiff an extra hour's pay at minimum wage for every day that plaintiff worked in excess of ten hours, in violation of New York Labor Law §§ 190, *et seq.*, and 650, *et seq.*, and New York State Department of Labor regulations, 12 N.Y.C.R.R. §§ 137-1.6, 142-2.4.

22.     Plaintiff is entitled to an award of an extra hour's pay for every day that plaintiff worked in excess of ten hours, in an amount to be determined at trial, pursuant to New York Labor Law §§ 190, *et seq.*, and 650, *et seq.*, and New York State Department of Labor regulations, 12 N.Y.C.RR. §§ 137-1.6, 142-2.4.

## FOURTH CLAIM FOR RELIEF:
## MAINTENANCE OF EMPLOYMENT RECORDS

23.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 22 above.

24.     Upon information and belief, defendants intentionally failed to maintain adequate and accurate written records for the hours worked and wages earned by plaintiff in order to facilitate their exploitation of plaintiff's labor.

25.     Defendants' knowing and intentional acts constitute a violation of 26 U.S.C. § 211(c) and 29 C.F.R. § 516.2.

26.     Defendants' knowing and intentional acts constitute a violation of N.Y. Lab. Law

§ 195(4) and 12 N.Y.C.R.R. § 137-2.1.

27.     As a result of the foregoing, plaintiff has been injured, and defendants have profited

thereby, in an amount to be proven at trial.


## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment awarding him:

1.      Unpaid wages and overtime pay, plus liquidated damages and/or interest thereon;

2.      Pre-judgment interest;

3.      Reasonable attorney's fees, costs, and expenses pursuant to 29 U.S.C. § 216(b);

4.      The costs and disbursements of this action; and,

5.      Such other and further relief that the Court deems just and proper.


Dated: New York, New York
       October 12, 2005

By: _____

Scott A. Rosenberg, Esq. (SAR 5579)
Director of Litigation
Marlen S. Bodden, Esq., of Counsel (MSB 7806)
The Legal Aid Society
199 Water Street
New York, New York 10038

(212) 577-3287

7

## SECTION 216(b) FAIR LABOR STANDARDS ACT AUTHORIZATION

I, Franklyn Francis, hereby consent to be a plaintiff in a lawsuit pursuant to Section 216(b) of the Federal Fair Labor Standards Act.

Dated: New York, New York
      September 26, 2005

FrANKLYN RRANeis
FRANKLYN FRANCIS

Sworn to before me this 26th day of
September, 2005

NOTARY PUBLIC

MARLEN S. BODDEN
Notary Public, State of New York
No. 02BO6075068
Qualified in Kings County
Commission Expires May 27, 20

## AFFIRMATION OF TRANSLATION

I, Marlen S. Bodden, certify that I am fluent in both Spanish and English and that I have correctly and accurately translated this document from English to Spanish, and that the plaintiff, Franklyn Francis, has assured me that he understands these documents.

Dated: New York, New York
      September 26, 2005

MARLEN S. BODDEN