Apr-24-06  04:58pm  From-Colleran O'Hara & Mills        +16187421765         T-077  P.003/005  F-606

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

FRANKLYN FRANCIS,

                Plaintiff,

    -against-

VALLEY FOOD CORP., VALLEY FOOD
CORP. doing business as BRONX BBQ,
BRONX BBQ, ANNA KAPERONIS,
individually and doing business as BRONX BBQ,
and EFSTATHIO KAPERONIS, Individually
and doing business as BRONX BBQ,

                Defendants.

------------------------------------------------------X

05-cv-8705 (AKH)(DCF)

STIPULATION AND ORDER OF
SETTLEMENT PURSUANT TO
F.R.C.P. 41(a)(2)

      THIS STIPULATION AND ORDER OF SETTLEMENT ("stipulation") is entered into between FRANKLYN FRANCIS ("Plaintiff") and VALLEY FOOD CORP., VALLEY FOOD CORP. doing business as BRONX BBQ, BRONX BBQ, ANNA KAPERONIS, individually and doing business as BRONX BBQ, and EFSTATHIO KAPERONIS, Individually and doing business as BRONX BBQ ("Defendants").

      WHEREAS, Plaintiff commenced an action against Defendants by filing a Complaint on October 13, 2005 alleging that Defendants violated the Fair Labor Standards Act and the New York Wages and Hours Law and the Defendants deny any wrongdoing; On or about January 31, 2006, an Amended Complaint was served upon the attorney for the Defendants;

      WHEREAS, all the Defendants have denied the allegations in the Complaint and the Amended Complaint;

      WHEREAS, the parties agree that the Court has jurisdiction over this action and the parties and that the Court has the authority to order the relief set forth in this document;

-1-

WHEREAS, Plaintiff and Defendants desire to settle any differences that may exist between them without further litigation;

NOW, THEREFORE, Plaintiff and Defendants stipulate that this action is settled and discontinued with prejudice on the following terms:

1. **Settlement Payment.** In consideration of the promises, releases, and covenants made herein, Defendants will pay to Plaintiff a total of FIVE THOUSAND DOLLARS ($5,000) ("Settlement Payment") within 15 business days of receipt of the stipulation signed by Plaintiff. The Settlement Payment shall be made in full settlement of all claims raised or which could have been raised by Plaintiff, including claims for interest, liquidated damages, and attorneys' fees, and Plaintiff agrees that he will take no action whatsoever, directly or indirectly, against Defendants arising out of or in connection with her former employment. In the event Defendants fail to make settlement payment as required, Defendants consent to the entry of a judgment on default in the amount of $5,000.

2. **Mutual General Release.**

   (a) Plaintiff hereby releases and discharges Defendants and their successors and assigns from any and all claims of every kind, whether known or unknown, based upon any fact or matter occurring prior to Plaintiff's execution of this stipulation. This general release extends to all claims including, but not limited to, all claims under common law, statute, regulation, or ordinance. The parties intend this release of claims to be broadly construed so as to resolve any and all disputes arising out of Plaintiff's employment with Defendants and the termination thereof. If Plaintiff commences any legal action in violation of this paragraph, Defendants shall be entitled to assert this stipulation as a bar to such action.

   (b) Defendants hereby release and discharge Plaintiff and her successors and assigns from any and all claims of every kind, whether known or unknown, based upon any fact or matter occurring prior to Defendants' execution of this stipulation. This general release extends to all claims including, but not limited to, all claims under common law, statute, regulation, or ordinance. The parties intend this release of claims to be broadly construed so as to resolve any and all disputes arising out of Plaintiff's employment with Defendants and the termination thereof. If Defendants commence any legal action in violation of this paragraph, Plaintiff shall be entitled to assert this stipulation as a bar to such action.

3. **Non-disclosure.** Neither Plaintiff nor Defendants shall disclose or cause to be disclosed the terms of this stipulation or the negotiations leading to it to any person, entity, or agency (other than their attorneys), except pursuant to a lawful subpoena or as otherwise required by law.

4. **Neutral Reference.** Defendants agree that in response to any inquiries regarding Plaintiff's employment they will provide only Plaintiff's dates of employment and position held.

5. **Non-admission.** Nothing in this stipulation shall be construed as an admission that either party violated any law or otherwise engaged in any wrongful conduct.

6. **Severability.** In the event that any portion of this stipulation (other than the general release above) is adjudged invalid or unenforceable, the remaining portions of the stipulation shall remain in full force and effect.

7. **Entire Agreement.** This stipulation (consisting of three pages) supersedes any and all prior agreements, contracts, and understandings and constitutes the entire agreement between the parties.

8. **Knowing and Voluntary.** Plaintiff and Defendants acknowledge that: (a) they have read and understand this stipulation in its entirety; (b) they enter into this stipulation knowingly and voluntarily, without duress or reservation of any kind, and after having given that matter full and careful consideration, having consulted with their respective counsel.

IN WITNESS WHEREOF, the parties have entered into this stipulation as of the dates written below and agree to be bound hereby.

PLAINTIFF

By: _FRANKLIN F._    Dated: _April 27, 2006_
FRANKLYN FRANCIS

COLLERAN, O'HARA & MILLS, LLP

By: _____    Dated: April 24, 2006
JOHN S. GROARKE, Esq.
Attorneys for the Defendants

VALLEY FOOD CORP.
doing business as BRONX BBQ

By: _____    Dated: April 24, 2006
ANNA KAPERONIS

"SO ORDERED"

_____
ALAN K. HELLERSTEIN, U.S.D.J.